RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
ELECTRONIC CITATION: 2002 FED App. 0104P (6th Cir.)
File Name: 02a0104p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
       *Plaintiff-Appellee,*

    *v.*

CIRCUIT CITY STORES, INC.,
      *Defendant-Appellant.*


CIRCUIT CITY STORES, INC.,
      *Petitioner-Appellant,*

    *v.*

JULIE SHELTON,
      *Respondent-Appellee.*

No. 00-1667

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
Nos. 99-00177; 99-00561—Wendell A. Miles,
District Judge.

Argued: January 24, 2002

1

Decided and Filed:  February 28, 2002[*]

Before:  JONES, DAUGHTREY, and COLE, Circuit
Judges.

—————————

**COUNSEL**

**ARGUED:**  Rex Darrell Berry, DAVIS, GRIMM, PAYNE,
MARRA & BERRY, Seattle, Washington, for Appellant.
Barbara L. Sloan, EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION, Washington, D.C., John R.
Runyan, SACHS WALDMAN, Detroit, Michigan, for
Appellees. **ON BRIEF:**  David E. Nagle, LeCLAIR RYAN,
Richmond, Virginia, Pamela G. Parsons, CIRCUIT CITY
STORES, INC., Richmond, Virginia, for Appellant. Barbara
L. Sloan, EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Washington, D.C., John R. Runyan,
Marshall J. Widick, SACHS WALDMAN, Detroit, Michigan,
Daniel C. Brubaker, MIKA, MEYERS, BECKETT &
JONES, Grand Rapids, Michigan, for Appellees.

—————————

**OPINION**

—————————

   MARTHA CRAIG DAUGHTREY, Circuit Judge.  In this
consolidated action, Circuit City Stores, Inc., appeals from
rulings of the district court that denied Circuit City's motions
to stay the proceedings in the case of *EEOC v. Circuit City
Stores, Inc.* and to compel arbitration in the case of *Circuit
City Stores, Inc. v. Shelton*.  In view of the recent Supreme
Court opinion in *Equal Employment Opportunity Commission
v. Waffle House, Inc.*, ___ U.S. ___, 122 S.Ct. 754 (2002),

—————————

[*]This decision was originally issued as an "unpublished decision"
filed on February 28, 2002.  On March 25, 2002, the court designated the
opinion as one recommended for full-text publication.

Circuit City conceded at oral argument that the appeal in the suit brought by the EEOC is moot. But Circuit City maintains that despite the ruling in *Waffle House*, the district court should have compelled its employee, Julie Shelton, to arbitrate the very "claim" that was the subject of the EEOC litigation. We disagree, and we therefore affirm the judgment of the district court.

When Julie Shelton applied for a part-time position as a customer service representative at Circuit City, she was required to sign a form indicating her approval and acceptance of the "Circuit City Dispute Resolution Agreement" as a precondition to having her application considered by the company. That agreement, which was reproduced on the application form itself, provided in relevant part:

> Except as set forth below, I agree that I will settle any and all previously unasserted claims, disputes or controversies arising out of or relating to my application or candidacy for employment, employment and/or cessation of employment with Circuit City, exclusively by final and binding arbitration before a neutral Arbitrator. By way of example only, such claims include claims under federal, state and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act, The Family Medical Leave Act, the law of contract and law of tort.

> I understand that if I do file a lawsuit regarding a dispute arising out of or relating to my application or candidacy for employment, employment or cessation of employment, Circuit City may use this Agreement in support of its request to the court to dismiss the lawsuit and require me instead to use arbitration.

> I understand that I still may exercise my rights under the National Labor Relations Act and file charges with the National Labor Relations Board. I further understand

that I still may file administrative charges with the Equal Employment Opportunity Commission or similar federal, state or local agency, but that upon receipt of a right-to-sue letter or similar administrative determination, I shall arbitrate any claim that I may have against Circuit City.

Shelton was hired in February 1997 and worked at one of the company's Michigan stores until January 1998, when she claimed to have been constructively discharged as a result of sexual harassment from a male supervisor and the company's failure to take appropriate remedial action. She then filed a complaint with the Equal Employment Opportunity Commission (EEOC), and that agency subsequently filed suit against Circuit City in federal district court, seeking injunctive relief, backpay, compensatory damages, and punitive damages. In response, Circuit City filed a separate suit against Shelton, seeking to compel arbitration of her sexual harassment claim against the company. Upon motion by the EEOC, the two actions were consolidated.

Before the district court, Circuit City argued that Shelton's signature on the application form bound her to seek relief for any alleged employment injury only in an arbitral forum. The EEOC and Shelton countered by contending that Shelton alone was a party to the agreement and that she agreed to forego judicial proceedings only in situations in which she initiated a suit or in which a notice-of-right-to-sue letter was issued by a governmental agency. Because the EEOC, a non-party to the arbitration agreement, had filed the suit against Circuit City, the Commission and Shelton maintained that such a proceeding was permissible. The district judge, relying upon circuit precedent embodied in the decisions in *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448 (6th Cir. 1999), and *EEOC v. Northwest Airlines*, 188 F.3d 695, 702 (6th Cir. 1999), agreed with the EEOC and Shelton, dismissed Circuit City's action against its former employee, denied Circuit City's request for a stay in the EEOC-initiated action, and ordered the company to respond to that court filing.

It is now clear, of course, that our rulings in the *Frank's Nursery* and *Northwest Airlines* cases were correct, given the holding in *Waffle House* that an agreement between employer and employee to arbitrate employment-related disputes does not bar the EEOC from "pursuing victim-specific judicial relief, such as backpay, reinstatement, and damages, in an enforcement action" brought under Title VII. *Waffle House*, 122 S.Ct. at 758. The employer in this case nevertheless insists that nothing in the *Waffle House* decision relieves Julie Shelton from her contractual obligation to arbitrate the dispute that led to the EEOC action, even though the results in the two parallel matters might end up in conflict.

We find this argument to be unpersuasive. At this time, nothing in the complaint alerts the district court that Circuit City even has a case or controversy against *Shelton*. Shelton did not receive a right-to-sue letter from the EEOC or file suit against Circuit City, the only possible ways in which she could be said to have breached her original agreement to arbitrate. In fact, Shelton has gone so far as to file an affidavit stating that she "do[es] not intend to assert any claim," "file any lawsuit," or "intervene in the lawsuit which has been filed against Circuit City." With neither a constitutional nor a prudential basis for asserting federal court jurisdiction over Circuit City's complaint, and in view of a complaint that lacks any theory upon which recovery could be based, the district court did not err in denying Circuit City's motion to compel arbitration and granting Shelton's motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12 (c).

For the reasons set out above, we AFFIRM the judgment of the district court.